**Rodney Joe BIRDINE**

v.

**CITY OF COATESVILLE, et al.**

**No. CIV.A.03–5569.**

United States District Court, E.D. Pennsylvania.

Nov. 12, 2004.

Order Vacating in Part, Nov. 15, 2004.

Order Denying Reconsideration Nov. 30, 2004.

J. Michael Considine, Jr., West Chester, PA, for Plaintiff.

David J. MacMain, Janelle E. Fulton, Montgomery McCracken Walker & Rhoads, LLP Philadelphia, PA, for Defendants.

*ORDER*

DALZELL, District Judge.

AND NOW, this 12th day of November, 2004, upon consideration of plaintiff's motion for summary judgment [1] (docket entry

---

1. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In ruling on a motion for summary judgment, the Court must view the evidence, and make all reasonable inferences from the evidence, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of proving that there is no genuine issue of material fact in dispute. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 n. 10, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the moving party carries this burden, the nonmoving party must "come forward with 'specific facts showing there is a

# 41), defendants' response thereto and cross-motion for partial summary judgment (docket entry # 46), defendants' motion for partial summary judgment (docket entry # 44), plaintiff's response thereto, and all of the exhibits to the parties' filings, and the Court finding that:

(a) After carefully reviewing all of the evidence in this case, we conclude that a reasonable jury could come to many possible conclusions about what happened on October 11, 2001;

(b) Drawing all inferences in favor of the defendants, a reasonable jury could conclude that, while Coatesville police officers were using an appropriate level of force to apprehend Hassan Grove, Rodney Birdine repeatedly approached the officers in a threatening manner, so the officers were fully justified in their use of an appropriate level of force to arrest him;

(c) On the other hand, a reasonable jury might find that Birdine merely voiced a valid complaint about the officers' unjustifiably brutal treatment of Grove and that the officers retaliated against Birdine for his involvement by savagely beating him and arresting him on trumped-up charges;

(d) Relying on this second version of events, Birdine asserts in this § 1983 action that the City of Coatesville [2] and police officers David Norcini, Gerald Pauling, Cary Vargo, Scott Neuhaus, and Richard Bowden violated his constitutional rights in two ways [3];

(e) First, Birdine claims that defendants infringed his Fourth Amendment right to be free from unreasonable seizures when they used excessive force to arrest him, *see Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons ... against unreasonable ... seizures' of the person.");

(f) "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was

---

genuine issue for trial.' " *Id.* at 587, 106 S.Ct. 1348 (quoting Fed.R.Civ.P. 56(e)). The task for the Court is to inquire "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby,* 477 U.S. at 251–52, 106 S.Ct. 2505; *Tabas v. Tabas,* 47 F.3d 1280, 1287 (3d Cir.1995) (en banc).

**2.** In *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory," *id.,* 436 U.S. at 691, 98 S.Ct. at 2036, but it may be directly subject to § 1983 liability as a result of an official policy or custom, *id.,* 436 U.S. at 694, 98 S.Ct. at 2037–38. As a threshold matter, therefore, a § 1983 plaintiff must identify the municipal policy or custom that allegedly caused a violation of constitu-

tional rights. *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."). Here, Birdine has adduced no evidence of any policy or custom of Coatesville that allegedly caused a violation of his rights, so the City is entitled to summary judgment on all claims against it.

**3.** Although defendants appear to believe that Birdine has raised a third claim based on an alleged lack of probable cause for his arrest, *see* Defs.' Br. Opp'n Summ. J. at 19–22, we do not read the complaint to include a false arrest claim, *see* Compl. at 6 (citing "excessive force" and "violations of freedom of speech" as sole grounds for recovery); *see also* Pl.'s Mem. Supp. Summ. J. at 17–23 (failing to discuss a false arrest theory).

unreasonable," *Abraham v. Raso*, 183 F.3d 279, 288 (3d Cir.1999);

■ (g) Because "reasonableness under the Fourth Amendment should frequently remain a question for the jury," *id.* at 290, Norcini and Bowden properly concede that they are not entitled to summary judgment on Birdine's excessive force claim;

(h) Still, Vargo, Pauling, and Neuhaus insist that they are entitled to summary judgment on the excessive force claim;

■ (i) The only evidence that either Vargo or Pauling was involved in Birdine's arrest is Birdine's statement that one of them placed a knee on Birdine's neck, but Birdine is not sure which of them did so, *see* Birdine Dep. at 68, 96;

(j) Given this uncertainty, no reasonable jury could conclude that a preponderance of the evidence demonstrates that either Vargo or Pauling was involved in Birdine's arrest, so we shall enter summary judgment in their favor on the excessive force claim;

■ (k) Although Neuhaus grabbed Birdine's wrists in the initial attempt to effect the arrest, this attempt was the only action that Neuhaus took towards Birdine, *see* Birdine Dep. at 66, 94–95, and Neuhaus attempted to arrest Birdine only because some of the officers who had been on the scene longer than he directed him to do so, *see* Neuhaus Dep. at 21;

(*l* ) On this record, no reasonable jury could conclude that Neuhaus's actions were objectively unreasonable, so he is entitled to summary judgment on Birdine's excessive force claim;

(m) The second portion Birdine's § 1983 claim involves an allegation that defendants infringed his First Amendment right to complain about police brutality by arresting him in retaliation for his comments about the officers' treatment of Grove;

■ (n) To prove his First Amendment retaliation claim, Birdine must show "(1) that [he] engaged in protected activity; (2) that the government responded with retaliation; and (3) that the protected activity was the cause of the retaliation," *Estate of Smith v. Marasco*, 318 F.3d 497, 512 (3d Cir.2003);

(*o*) Birdine claims that he complained about the excessive force that the officers used in arresting Grove, *see* Bidine Dep. at 57–58, and the First Amendment protects this activity;

■ (p) A reasonable jury could find that Neuhaus, Norcini, and Bowden were involved in arresting Birdine, *see* Neuhaus Dep. at 43 [4];

(q) Viewing the evidence in the light most favorable to Birdine, a reasonable jury could conclude that Norcini arrested Birdine in retaliation for his protected speech because, although Birdine approached the officers once, he complied with their first command to stay a safe distance away from Grove's arrest and did not interfere with that arrest again, *see* Birdine Dep. at 57–58; Thomas Dep. at 12–13; Ford Dep. at 11–12;

(r) If it reached those conclusions, a reasonable jury could infer that Norcini arrested Birdine solely because he engaged in protected speech, so Norcini is not entitled to summary judgment on Birdine's First Amendment retaliation claim;

■ (s) Still, a reasonable jury could not conclude that Neuhaus or Bowden arrested Birdine for his protected speech

---

4.  On the other hand, a reasonable jury could not conclude that Vargo or Pauling was involved in arresting Birdine, *see supra* ¶¶ (i)-(j), so they are entitled to summary judgment on the First Amendment retaliation claim.

because Neuhaus was following other officers' orders (and was not retaliating for activity that he witnessed) and Bowden became involved to protect Neuhaus after Birdine resisted the initial attempt to arrest him (and not to retaliate for Birdine's speech, which he did not personally witness), see Neuhaus Dep. at 21; Bowden Dep. at 32–34; and

(t) We shall, therefore, enter summary judgment in favor of Neuhaus and Bowden on the First Amendment claim;

It is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is DENIED;

2. Defendants' cross-motion for partial summary judgment is GRANTED IN PART;

3. Defendants' motion for partial summary judgment is GRANTED IN PART;

4. Counsel for the parties shall APPEAR in our Chambers at 9:30 a.m. on November 17, 2004 for a final pretrial conference;

5. The parties, or their representatives with plenary settlement authority, shall BE AVAILABLE TELEPHONICALLY during the final pretrial conference;

6. By December 1, 2004, the parties shall FILE their pretrial submissions in accordance with our Standing Order, a copy of which is attached hereto; and

7. This case is SPECIALLY LISTED for trial to commence at 9:30 a.m. on December 8, 2004 in Courtroom 10B and not to exceed three days.

### ORDER VACATING IN PART

AND NOW, this 15th day of November, 2004, upon consideration of defendants' epistolary request and the representations of plaintiff's counsel to our Chambers staff, and the Court finding that a final pretrial conference in this matter will not be necessary, it is hereby ORDERED that paragraphs 4 and 5 our Order of November 12, 2004 are VACATED.

### ORDER ON RECONSIDERATION

AND NOW, this 30th day of November, 2004, upon consideration of plaintiff's motion for reconsideration (docket entry # 57) and defendants' response thereto and motion for sanctions (docket entry # 59), and the Court finding that:

(a) We recently entered summary judgment in favor of defendants City of Coatesville (the "City"), Gerald Pauling, Cary Vargo, and Scott Neuhaus, but we permitted Birdine's § 1983 action against David Norcini and Richard Bowden to proceed to trial, see Order and Judgment of November 12, 2004;

(b) Birdine now requests that we reconsider our entry of summary judgment in favor of the City, Vargo, and Neuhaus [1];

(c) We will grant a motion for reconsideration only if "the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999);

(d) In the instant motion, Birdine does not argue that a reasonable jury could find that Vargo and Neuhaus used an unreasonable amount of force against him, instead insisting that "case law supports excessive force claims against [the officers] for failing to intervene," Pl.'s Mot. for Reconsideration at 2;

---

1. Birdine appears to concede we properly entered summary judgment in Pauling's favor.

(e) Though Birdine failed to raise this argument in his opposition to defendants' motions for summary judgment, we shall consider it now to prevent the manifest injustice that would occur if Birdine were denied recovery for a violation of his constitutional rights due to his attorney's failure to articulate a theory under which he might otherwise recover;

(f) Our Court of Appeals has recognized that an officer who does not personally use excessive force can nevertheless be liable under § 1983 if he fails to protect a private person from other officers' excessive force, but the non-violent officer is "only liable if there is a realistic and reasonable opportunity to intervene," *Smith v. Mensinger,* 293 F.3d 641, 651 (3d Cir.2002);

(g) When we initially considered the parties' motions for summary judgment, we carefully scoured hundreds of pages of deposition testimony in search of evidence that would have supported the arguments that they presented in their motions and responses;

(h) We did not note any evidence that would support Birdine's failure-to-intervene argument at that time, but we also cannot say that no such evidence exists because Birdine did not raise the argument then and we were not searching for that sort of evidence;

(i) Though we have reviewed the entire record once, we now decline to undertake the laborious process for a second time when Birdine could easily have made his failure-to-intervene argument during the initial round of briefing;

(j) Thus, we shall consider only the evidence that Birdine relies upon in his motion to reconsider;

(k) Although it is undisputed that Vargo and Neuhaus were present at the time of Birdine's arrest, Birdine's cursory motion for reconsideration fails to cite any portion of the record suggesting that Vargo or Neuhaus had a realistic and reasonable opportunity to prevent the other officers from using excessive force [2];

(*l*) Because he has not pointed to any evidence from which a reasonable jury could infer that Vargo or Neuhas had a realistic and reasonable opportunity to stop the other officers from using excessive force, Birdine has failed to show that we clearly erred in entering summary judgment in favor of Vargo and Neuhaus on the excessive force portion of his claim;

(m) Birdine also suggests that we should not have entered summary judgment in Vargo's favor on the First Amendment retaliation component of his claim because Vargo heard Birdine speaking to Norcini and Pauling;

(n) Nevertheless, even if we were to presume that Vargo heard Birdine complain about other officers' treatment of Grove, merely hearing those complaints would not have violated Birdine's rights;

(o) To have violated Birdine's First Amendment rights, Vargo would have had to have been involved in the allegedly retaliatory arrest of Birdine, and there is no evidence that he participated in that seizure;

**2.** Indeed, it appears that Neuhaus could not have prevented the other officers from using excessive force because Birdine was on top of him during at least part of the time when the other officers arrested Birdine. *See* Neuhaus Dep. at 22–23, 63–65; Bowden Dep. at 35–36. Moreover, we do not recall any evidence suggesting that Vargo was sufficiently close—physically or temporally—to have a realistic and reasonable opportunity to prevent the other officers from using excessive force against Birdine. Vargo himself testified that he did not see the other officers take Birdine into custody because he was focused on Grove. Vargo Dep. at 81–83.

(p) Thus, we did not clearly err in granting summary judgment to Vargo on the First Amendment retaliation portion of Birdine's claim;

(q) Finally, Birdine claims that it was error to enter summary judgment in favor of the City on the excessive force portion of his claims because it knew or should have known that Norcini and Bowden had been accused of using excessive force in the past and it failed to discipline them;

(r) What this argument overlooks is that the City's alleged failure to discipline the officers could not have caused Birdine's injuries if there was no reason for the City to discipline them;

(s) In this case, far from showing that the City should have disciplined the officers for misconduct, the record suggests, at best, that some of the officers were *accused* of misconduct, and there is no evidence that the officers actually engaged in misconduct before they arrested Birdine;

(t) Because there is no evidence that the officers misbehaved, there is also no evidence that the City had a "policy" or "custom" of tolerating excessive force or other misbehavior, and it was therefore entirely appropriate to enter summary judgment in the City's favor [3]; and

(u) While Birdine's failure to support his arguments with citations to the record puzzles us, we do not believe that his motion for reconsideration was filed in bad faith, so we shall not impose sanctions;

It is hereby ORDERED that:

1. Plaintiff's motion for reconsideration is DENIED; and

---

[3.] Birdine also suggests that the City has a "policy" or "custom" of tolerating excessive force because it did not investigate the allegations of police misconduct that serve as the basis of this lawsuit, but a "single incident by

2. Defendants' motion for sanctions is DENIED.

a lower level employee acting under color of law ... does not suffice to establish either an official policy or a custom." *Fletcher v. O'Donnell,* 867 F.2d 791, 793 (3d Cir.1989).